**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**CASE No: 1:20cr10-AW/GRJ-1**

**v.**

**RODDRAE ANTONIO WILLIAMS**
**a/k/a "Drae"**
**a/k/a "Juice"**
**a/k/a "Juvie"**

______________________________/

# PLEA AGREEMENT

## 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Roddrae Antonio Williams as Defendant, Thomas L. Edwards as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

## 2. TERMS

The parties agree to the following terms:

FILED IN OPEN COURT THIS 10-27-2020
CLERK, U.S. DISTRICT COURT, NORTH. DIST. FLA.

a. Defendant will plead guilty to Count One (Conspiracy to distribute multiple controlled substances, including 500 grams or more of cocaine, 28 grams or more of cocaine base, and 50 grams or more of a mixture containing methamphetamine), Count Two (Unlawful use of a communication facility), Count Three (Possession of a firearm in furtherance of a drug-trafficking offense), and Count Four (Possession of a firearm by a convicted felon) of the Indictment. As to Count One, Defendant faces, due to prior convictions for serious drug felonies, a minimum term of 10 years' imprisonment, at least 8 years of supervised release, and a maximum term of Life imprisonment, Life on supervised release, a $8,000,000 fine, and a $100 special monetary assessment. As to Count Two, Defendant faces a maximum term of four years' imprisonment, one year of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Three, Defendant faces a minimum term of five years' imprisonment, which must be served consecutively to any other sentence,[1] and a maximum of Life imprisonment, five years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Four, due to convictions for at least three prior

[1] Defendant understands that this results in an effective mandatory minimum sentence of 20 years, since the 5 year mandatory minimum in Count 3 must run consecutive to the 15 year mandatory minimum in Count 4.

serious drug offenses, Defendant faces a minimum term of 15 years imprisonment, and a maximum term of Life imprisonment, five years of supervised release, a $250,000 fine, and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessments on or before the date of sentencing. If Defendant is unable to pay the special assessments prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets.

Defendant admits to having been convicted of a prior serious drug felony as alleged by the government in its Information and Notice of Intent (ECF Document 119).

In addition, the Court may enter an order denying Defendant federal benefits pursuant to 21 U.S.C. 862(a)(1).

b. By voluntarily pleading guilty to the charges in the Indictment, Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to

compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One through Four of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing

recommendations, and whether departure or variance upward or downward is appropriate.

### 3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

LAWRENCE KEEFE
United States Attorney

THOMAS L. EDWARDS
Attorney for Defendant

JAMES A. McCAIN
Florida Bar No. 0077536
Assistant United States Attorney
Northern District of Florida
111 N. Adams Street, 4th Floor
Tallahassee, FL 32301-7730
Tel: (850) 942-8430
james.mccain2@usdoj.gov

10/27/20
Date

RODDRAE ANTONIO WILLIAMS
Defendant

10/27/2020
Date

10/27/20
Date